UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

JOSEPH LUGINE SHORT,

     Petitioner,

v.

                                        Case No. 3:23-cv-1156-JEP-PDB

SECRETARY, DEPARTMENT OF
CORRECTIONS,

     Respondent.

_____/

## **ORDER**

### **I. Status**

Petitioner Joseph Lugine Short, an inmate of the Florida penal system,
initiated this action on September 25, 2023,[1] by filing a Petition for Writ of
Habeas Corpus under 28 U.S.C. § 2254. Doc. 1. In the Petition, Short
challenges a 2009 state court (Duval County, Florida) judgment of conviction
for armed robbery and possession of a firearm by a felon. Respondent
submitted a memorandum in opposition to the Petition, arguing that the action
is untimely. Doc. 7. Respondent also submitted exhibits. Docs. 7-1 through 7-
12. Short filed a brief in reply. Doc. 8. This action is ripe for review.[2]

---

[1] *See Houston v. Lack*, 487 U.S. 266, 276 (1988) (prison mailbox rule).

[2] When citing pleadings and exhibits, the Court will use the page numbers
assigned by this Court's electronic docketing system.

## II. One-Year Limitation Period

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) imposes a one-year statute of limitations on petitions for writ of habeas corpus. Specifically, 28 U.S.C. § 2244 provides:

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is

pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

## III. Analysis

Respondent correctly contends that the Petition must be dismissed as time barred. In July 2007, Short was charged with two counts of armed robbery, two counts of possession of a firearm by a felon, and one count of providing a false name to law enforcement. Doc. 7-1 at 53-54. He proceeded to trial on one of the robbery counts, and the jury found him guilty. Doc. 7-2 at 303. Before sentencing, Short pleaded guilty to the remaining robbery count and to one of the felon-in-possession counts. Doc. 7-1 at 153-54. In exchange, the State *nolle prossed* the remaining felon-in-possession count and the false-name count. *Id.* at 153, 296. The court ultimately imposed a life sentence for the robbery conviction obtained at trial, a concurrent twenty-year sentence for the robbery conviction based on the guilty plea, and a concurrent fifteen-year sentence for the felon-in-possession conviction. *Id.* at 169-76.

On June 23, 2010, the First District Court of Appeal affirmed Short's convictions without a written opinion. Doc. 7-6 at 3. Because Florida law does not permit the Florida Supreme Court to review an affirmance without an opinion, *see* Fla. R. App. P. 9.030(a)(2), Short's convictions became final when the time for seeking certiorari review in the United States Supreme Court

3

expired. *See Chamblee v. Florida*, 905 F.3d 1192, 1198 (11th Cir. 2018). The certiorari deadline expired on September 21, 2010—ninety days after June 23, 2010. *See Chavers v. Sec'y, Fla. Dep't of Corr.*, 468 F.3d 1273, 1275 (11th Cir. 2006). Thus, absent tolling, Short had until September 21, 2011, or one year after his convictions became final, to file his § 2254 Petition. *See* 28 U.S.C. § 2244(d)(1)(A).

As noted above, the AEDPA limitation period is tolled while a properly filed motion for state collateral review is pending. *Id.* § 2244(d)(2). But Short did not file any tolling motions before September 21, 2011, the federal habeas deadline. Doc. 7-7 at 13-14. Instead, in April 2012, he moved for postconviction relief under Florida Rule of Criminal Procedure 3.850. *Id.* at 16. By that time, the AEDPA limitation period had already expired. "[A] state court petition . . . that is filed following the expiration of the federal limitations period cannot toll that period because there is no period remaining to be tolled." *Tinker v. Moore*, 255 F.3d 1331, 1333 (11th Cir. 2001). Therefore, Short's § 2254 Petition—filed in September 2023—is untimely by over a decade. Doc. 1 at 1.

Short does not dispute these calculations. Instead, he contends that the Court should excuse his untimely filing because he is actually innocent. Doc. 1 at 18; Doc. 8. A petitioner may overcome the expiration of AEDPA's limitation period if he makes "a convincing showing of actual innocence." *McQuiggin v.*

*Perkins*, 569 U.S. 383, 386 (2013). But "tenable actual-innocence gateway pleas are rare: '[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in light of . . . new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.'" *Id.* (quoting *Schlup v. Delo*, 513 U.S. 298, 329 (1995)). "To be credible, such a claim requires [a] petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." *Schlup*, 513 U.S. at 324.

Short fails to satisfy the "exceedingly narrow" actual-innocence exception. *Johnson v. Alabama*, 256 F.3d 1156, 1171 (11th Cir. 2001). He contends that he is innocent of the robbery charge for which he stood trial because "there [was] no evidence adduced at trial linking [him to the] offense." Doc. 1 at 22. According to Short, the prosecution did not present any "fingerprint[]" or "DNA evidence," and the victim could not "positively identify" him as the robber. *Id.* But Short presents no "*new* evidence" of innocence. *McQuiggin*, 569 U.S. at 386 (emphasis added). "Instead, he argues that the state's evidence at his trial was insufficient to support his conviction." *Rich v. Dep't of Corr. State of Fla.*, 317 F. App'x 881, 883 (11th Cir. 2008). This argument "is not based on new reliable evidence" and thus cannot satisfy the

actual-innocence exception.[3] *Id.*; *see also Moore v. Frazier*, 605 F. App'x 863, 868 (11th Cir. 2015) (actual-innocence exception inapplicable where petitioner "argue[d] only that the evidence presented at trial was insufficient to convict and that the state court failed to instruct the jury on self-defense").

Short also contends that the actual-innocence exception applies because he was subjected to an "illegal seizure." Doc. 1 at 18. He does not elaborate on this assertion, but it appears to be a reference to his unsuccessful motion to suppress incriminating statements he made after a traffic stop. Doc. 7-1 at 72-80. Again, Short does not support his claim with any new evidence of innocence. And "without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim." *Schlup*, 513 U.S. at 316; *see also United States v. Lee*, No. 2:98-cr-6-LSC-TMP, 2014 WL 11279817, at *1 (N.D. Ala. Mar. 10, 2014) ("Fourth Amendment challenges to the legality of a search from which evidence is produced do not raise actual innocence issues."), *aff'd*, 589 F. App'x 512 (11th Cir. 2015).

---

[3] The evidence at trial included Short's signed, written confession to the robbery: "I, Joseph Short, robbed the store on 90306 for $500. Reason being I had no money, no place to stay, and no food. . . . It was around 3:00 o'clock p.m. in the afternoon and the gun that I had was a snub nose 22 . . . ." Doc. 7-2 at 194-95.

Finally, Short asserts that he is "serving [time for] a crime that he did not commit based upon perjury and a *Brady* violation."[4] Doc. 8 at 2. But Short does not identify the alleged "perjury," nor does he explain how the prosecution violated its *Brady* obligations. Instead, Short appears to contend that the prosecution "breached [a] plea agreement," forcing him to "go to trial" and receive a life sentence instead of the "twenty-two-year prison term" he was allegedly promised. *Id.* at 4-5. These allegations do not constitute "new evidence" of innocence. *McQuiggin*, 569 U.S. at 386. Any alleged breach of the plea agreement is a purely legal claim that has nothing to do with whether Short committed the charged offenses. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency."). Therefore, Short is not entitled to the actual-innocence exception, and this action must be dismissed as untimely.

Accordingly, it is

**ORDERED AND ADJUDGED:**

1.     The Petition (Doc. 1) and this case are **DISMISSED with prejudice**.

---

[4] In *Brady v. Maryland*, the Supreme Court held that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment." 373 U.S. 83, 87 (1963).

2.      The Clerk of Court shall enter judgment dismissing this case with prejudice, terminate any pending motions, and close the file.

3.      If Short appeals this dismissal, the Court denies a certificate of appealability.[5] Because this Court has determined that a certificate of appealability is not warranted, the Clerk shall terminate from the pending motions report any motion to proceed on appeal as a pauper that may be filed in this case. Such termination shall serve as a denial of the motion.

**DONE AND ORDERED** in Jacksonville, Florida, on July 13, 2026.

_____
JORDAN E. PRATT
UNITED STATES DISTRICT JUDGE

TpaP-2

c:
Joseph Lugine Short
Counsel of Record

---

[5] This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2). To make this substantial showing, Short "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" *Miller-El v. Cockrell*, 537 U.S. 322, 335-36 (2003) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 n.4 (1983)). Upon due consideration, this Court will deny a certificate of appealability.